**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0664n.06
Filed: August 5, 2005

**No. 03-2337**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STEVEN LAURENCE LUOKKALA, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS and COOK, Circuit Judges; PHILLIPS, District Judge[*]

PER CURIAM. Steven Luokkala appeals the sentence he received after pleading guilty to being a felon in possession of a firearm. In a supplemental brief,[1] Luokkala challenges the validity of his sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Finding Luokkala's *Booker* argument valid, we vacate his sentence and remand for resentencing.

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1]Luokkala's counsel filed a motion to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), insisting that this appeal "presents no legally, non-frivolous issues." This court, however, ordered the parties to address "whether the assessment of criminal history points for the convictions listed in paragraphs 32 to 37 of the presentence investigation report conflicts with the time limits established by USSG § 4A1.2(e)." In compliance with the court's order, counsel filed a supplemental brief on Luokkala's behalf.

Under section 4A1.2(e) of the United States Sentencing Guidelines, only prior sentences imposed within the specified time period—ten years before the "commencement of the instant offense" for any sentence not exceeding one year and one month—can be counted in determining a defendant's criminal history category, which impacts the defendant's ultimate sentencing range. U.S. Sentencing Guidelines Manual § 4A1.2(e) (2003). The Guidelines further instruct courts to consider "any relevant conduct" in ascertaining the commencement of the offense. *Id*. at. § 4A1.2, cmt. n. 8.

Luokkala's presentence investigation report, which the district court ultimately adopted, counted sentences imposed between 1988 and 1992 based on the apparent finding that Luokkala had possessed firearms since 1996. In Luokkala's view, this finding, which increased his criminal history category and thus lengthened his sentence, violated his Sixth Amendment rights as articulated in *Booker*. But the Government, urging the court to equate Luokkala's failure to object to the facts underlying the relevant-conduct finding with an admission of the truth of those facts, insists that the finding comports with *Booker*. We find it unnecessary to resolve this dispute because, regardless of the merits of Luokkala's Sixth Amendment claim, the district court's treatment of the Guidelines as mandatory constitutes plain error under *Booker* and requires remand here. *See United States v. Barnett*, 398 F.3d 516, 530 (6th Cir. 2005).

The district court's grant of a downward departure under section 4A1.3(b)(1) of the Guidelines on the ground that Luokkala's criminal history category "substantially over-represents the seriousness of the defendant's criminal history," does not alter our view that *Booker* requires

remand here.   We find unpersuasive the Government's contention that the district court "was not sentencing within a mandatory scenario" because the decision to depart downward gave it "unfettered discretion to fashion [a] sentence."   Though the departure arguably gave the district court discretion to impose any criminal history category it deemed reasonable, the court remained constrained by the offense level.

Accordingly, we vacate Luokkala's sentence and remand for resentencing under *Booker*.